IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17 CR 91-2

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| RUBY MARIE QUEEN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE came before the undersigned pursuant to a Violation Report (#10) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of her pretrial release. At the call of this matter on for hearing, it appeared that Defendant was present with her counsel, Mary Ellen Coleman, and the Government was present through AUSA Chris Hess. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through her attorney, denied the allegations contained in the Violation Report. Evidence was presented by the Government through Elizabeth Cullen, United States Probation Officer.

Defendant was charged in a Bill of Indictment (#1) filed on August 1, 2017

1

with knowingly possessing Alprazolam, a schedule IV controlled substance in violation of 21 U.S.C. § 841(a)(1); possessing and carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)A); being an unlawful user of and addicted to a controlled substance and being in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3); assaulting with intent to commit murder by firing a firearm, in violation of 18 U.S.C. § 113(a)(1); and assaulting a person with intent to do bodily harm, in violation of 18 U.S.C. § 113(a)(3) and 1153.

A hearing was held in regard to the detention of Defendant on September 11, 2017 and on that date the undersigned entered an Order (#8) releasing the Defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

(1) The defendant must not violate any federal, state or local law while on release.

(8)(p) Defendant is to refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

Defendant was released on terms and conditions of release on August 11, 2017. At that time, Defendant was told she had an appointment with Officer Cullen to discuss her terms and conditions of release on Monday, August 14, 2017. When

Defendant came in for the appointment, Officer Cullen questioned Defendant about whether or not she had used a controlled substance after she was released on August 11, 2017. At that time, Defendant admitted she had used methamphetamine during the evening hours of Saturday, August 12, 2017 or during the early morning hours of Sunday, August 13, 2017. In addition to orally admitting this use of methamphetamine to Officer Cullen, Defendant signed and executed an admission of drug use which was entered into evidence by the Government. In the written document, Defendant admitted she had used methamphetamine.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

>     (1)     finds that there is----
>             (A) probable cause to believe that the person has committed a
>     Federal, State, or local crime while on release; or
>             (B) clear and convincing evidence that the person has violated any
>      other condition of release; and
>     (2)     finds that ---
>             (A) based on the factors set forth in section 3142(g) of this title, there
>     is no condition or combination of conditions of release that will assure that
>     the person will not flee or pose a danger to the safety of any other person or
>     the community; or
>             (B) the person is unlikely to abide by any condition or combination
>     of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a

danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe Defendant committed a federal and state crime while on release. The possession and use of methamphetamine is a violation of federal law, 21 U.S.C. § 844 and is a felony under state law. N.C.G.S. § 90-95(a)(3).

Due to the fact there is probable cause to believe the Defendant committed a federal and state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. There has further been shown by clear and convincing evidence that Defendant violated the condition of release (8)(p) in that it has been shown that Defendant violated the term and condition of release which required that Defendant not use or be in unlawful possession of a narcotic drug unless it was prescribed by a licensed medical practitioner. Methamphetamine is a drug which is not prescribed by a licensed medical practitioner and Defendant clearly had possession and used that substance.

It further appears from the evidence, that despite receiving oral and written instructions from this Court on Friday, August 11, 2017 not to use a controlled substance for which she did not have a prescription and to not violate any federal,

4

state or local law, Defendant determined that within 48 hours she was going to violate those very terms and conditions. These facts show there are no conditions or combination of conditions of release that will assure the Defendant will not pose a danger to the safety of any other person or the community if released. It is further the opinion of the undersigned that based upon Defendant's actions, it is unlikely Defendant would abide by any condition or combination of conditions of release.

Due to the findings made above and further considering the presumption that has been created and the factors as set forth under 18 U.S.C. § 3142(g), the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release (#8) are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: August 17, 2017

_____
Dennis L. Howell
United States Magistrate Judge